Michael S. Cho, Esq., CA Bar Lic. # 222332
Law Offices of Michael S. Cho
10940 Wilshire Boulevard
16th Floor
Los Angeles, California 90024
(O): 323.238.4620
Email: lawofficeofmclaw@gmail.com
Attorney for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT FOR
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARLLEN OM LEE,<br>   And<br>SANG WOO PARK,<br>            Plaintiffs,<br><br>v.<br><br>MERRICK GARLAND, Attorney General of the United States, ALEJANDRO MAYORKAS, United States Secretary Department of Homeland Security, and UR M. JADDOU, Director of the United States Citizenship and Immigration Services,<br>            Defendants. | CASE NO.:<br>**_____**<br><br><br>**COMPLAINT FOR DECLARARY RELIEF IN THE NATURE OF MANDAMUS** |

Plaintiffs, by and through their undersigned counsel, sue the Defendants and allege as follows:

## **INTRODUCTION**

1.     This is an action for declaratory relief in the nature of mandamus, to compel the Defendants to act on the I-601 Application for Waiver of Inadmissibility ("Waiver Application") filed by Plaintiff SANG WOO PARK, [hereinafter "MR. PARK" or "Applicant"].  MR. PARK is the spouse of Plaintiff SHARLLEN OM LEE who filed an I-130 Petition for her husband, which has been approved by the USCIS. This application is within the jurisdiction of the Defendants, who have improperly withheld action on it to Plaintiffs' detriment.

## **JURISDICTION**

2.     This Court has jurisdiction pursuant to the provisions of 28 U.S.C. § 1331 (federal question jurisdiction) as a civil action arising under the Constitution of the United States and the Immigration and Nationality Act (INA) codified at 8 U.S.C. § 1101 et seq; 5 U.S.C. § 701 et seq. (Administrative Procedure Act or APA) as an action to compel agency action unlawfully withheld or unreasonably delayed; and 28 U.S.C. § 1361 as an action to compel an officer or employee of the United States to perform a duty owed to the Plaintiff.

## **EXHAUSTION OF REMEDIES**

3.     Plaintiffs have exhausted their administrative remedies.  Plaintiffs have made numerous inquiries about the status of the pending Waiver Application.  No further administrative remedies are available to address the Defendants' failure to take action on the Plaintiffs' application.

///

## VENUE

4.     Venue is proper in this Court pursuant to 28 U.S.C. Section 1391(e), as amended, which provides that in a civil action in which a defendant is an officer or employee of the United States or any agency thereof, the action may be brought in any judicial district where the plaintiff or defendant resides if no real property is involved in the action.  Venue is proper in this Court under 28 U.S.C. §1391(e)(3) because the underlying I-601 Application for Waiver of Grounds of Inadmissibility is being processed by the United States Citizenship and Immigration Services, under USCIS receipt number LIN2190135603, which maintains field offices within this judicial district; no real property is involved in this action.

## PLAINTIFF

5.     Plaintiff SHARLLEN OM LEE is MR. PARK's spouse, and the petitioner of his I-130 Petition; MS. LEE is U.S. citizen, by naturalization, residing at 189 San Pablo Ct #1, Marina, CA 93933, USA. MS. LEE has an approved I-130 Petition for MR. PARK and is the qualifying relative who would suffer extreme hardship if the "Waiver Application" is denied.

6.     Plaintiff  SANG WOO PARK, with Alien Number 201-649-919, is a citizen of the Republic of Korea, whose address is Songtan ro 170 105 dong, Apt. 1101, Pyeongteak, Kyeongki Do 17780, South Korea.

7.     On November 30, 2020, the Nebraska Service Center of the United States Citizenship and Immigration Services received the "Waiver Application" of MR. PARK. To date he has not received a decision on his "Waiver Application."

///

**DEFENDANTS**

8.     Defendant MERRICK GARLAND is the United States Attorney General. In his capacity as U.S. Attorney General, Mr. Garland is responsible for the administration and enforcement of the immigration laws of the United States.  He additionally heads the Department of Justice which performs certain background and security checks in connection with applications for benefits under the INA.  Mr. Garland is sued in his official capacity.

9.     Defendant ALEJANDRO MAYORKAS is the United States Secretary of the Department of Homeland Security (DHS).  In his capacity as Secretary, Mr. Mayorkas is charged with the administration and enforcement of the United States Citizenship and Immigration Services (USCIS), and has oversight of all federal immigration agencies including the Customs and Border Protection (CBP), Immigration and Customs Enforcement (ICE), and USCIS.  Mr. Mayorkas is sued in his official capacity.

10.     Defendant UR M. JADDOU, is the Director of the United States Citizenship and Immigration Services (USCIS).  In his capacity as Director, Mr. JADDOU is charged with the administration and enforcement of the United States Citizenship and Immigration Services (USCIS), and has oversight of all field officers responsible for reviewing and approving or denying "Waiver Applications" including the "Waiver Application" submitted by MR. PARK.  Mr. JADDOU is sued in his official capacity

**FACTUAL ALLEGATIONS**

11.     MR. PARK, Alien Number 201649919, is a citizen of the Republic of Korea. Exh. A.

///

12.     MR. PARK was convicted in South Korea on August 10, 1978 of inflicting bodily injury on another person, for which he was sentenced to pay a fine of 50,000Won. Exh. B.

13.     MR. PARK was convicted in South Korea on June 29, 1987 of inflicting bodily injury on another person, for which he was sentenced to pay a fine of 100,000Won. Ibid.

14.     MS. LEE is a naturalized United States Citizen who married MR. PARK on January 29, 2014. Exh C and D.

15.     At the time of their marriage, MS. LEE was a civilian employee of the United States Air Force working on a U.S. Air Force based in South Korea. Exh. E.

16.     Anticipating the need to travel to the United States with his wife, MR. PARK obtained criminal background checks from the government of South Korea. These showed that MR. PARK had no criminal record, as the previous decades-old convictions had been expunged by operation of South Korean law. Exh. B and F.

17.     MR. PARK filed visa applications through ESTA in 2014 and 2016 to accompany his wife, MS. LEE, to the United States for brief visits. In reply to questions about criminal background in these ESTA applications, MR. PARK answered that he had none. MR. PARK's visa applications through ESTA were granted. Exh. F.

18.     MS. LEE's assignment from the U.S. Air Force was to end in December 2016, so in late 2016 the couple filed an I-130 Petition for Alien Relative (Spousal) on behalf of MR. PARK, which was granted by the USCIS. Exh. B and F.

19.     During the 2016 Consular Interview in Korea pursuant to MR. PARK's immigrant visa application, (DOS Case Number: SEO2017023008), MR. PARK was denied entry to the United States on the basis of failure to disclose prior criminal history in Korea on his previous ESTA applications (see paragraph 17). Exh. F and G.

20.     On March 27, 2017, the U.S. State Department informed MR. PARK that he was ineligible to receive an immigrant visa pursuant to INA § 212(a)(6)(C)(i), but indicated in the same notice that MR. PARK was eligible to file a "Waiver Application" pursuant to INA § 212(i). Exh. G.

21.     In 2017, MS. LEE's attorney, Jong Bum Nam, in Seoul, Republic of Korea filed a "Waiver Application" on behalf of MR. PARK, identifying MS. LEE as the qualifying relative who would suffer extreme hardship if the "Waiver Application" denied. Exh. B and F.

22.     On April 2, 2019, the USCIS denied MR. PARK's "Waiver Application." The USCIS had determined that MR. PARK had established that his spouse, MS. LEE, would experience "extreme hardship" if the "Waiver Application" were denied. Exh. H.

23.     However, the USCIS also determined that the prior expunged criminal convictions from 1978 and 1987 constituted  "violent or dangerous crimes,"  requiring that MR. PARK demonstrate that his spouse and qualifying relative, MS. LEE, would suffer "exceptional and extremely unusual hardship" if the "Waiver Application" were denied. Ibid.

24.     Thus, because MR. PARK was unable to produce evidence that MS. LEE would suffer "exceptional and extremely unusual hardship," the USCIS denied the "Waiver Application." Ibid.

25.      On November 30, 2020, attorney Michael S. Cho of Los Angeles, California filed another "Waiver Application" on behalf of MR. PARK, which "Waiver Application" provided more detail and more extensive documentation of the extreme hardship that MS. LEE would suffer if the waiver were denied. Exh I and J.[1].

---

[1] The Waiver Letter and Exhibits submitted in support of this I-601 application totaled 275 pages. As the Plaintiffs are not appealing or seeking a decision on the merits of the I-601 application from this Court, to avoid overburdening the Court with unnecessary documentation the waiver letter and exhibits have been excluded from this submission.  However, Plaintiffs are willing to submit these documents if the Court deems them necessary for its review.

26.     Plaintiff has paid, and Defendants have accepted, all applicable filing and visa fees. Ibid.

27.     The USCIS issued a notice of receipt for MR. PARK's "Waiver Application" on January 30, 2021, assigning the application the USCIS Receipt Number: LIN2190135603. At the time, the normal processing time for review of, and decisions on, I-601 waivers, was approximately 7 months. Exh. J.

28.     The USCIS did not issue a notice of receipt for payment of the fee required for the Second Application until nearly 10 months after the payment had been made for the application; this receipt was dated September 15, 2021. Exh. K.

29.     By June 3, 2021, the "Waiver Application" fell outside the normal processing time and MR. PARK, through his attorney Michael S. Cho, made an inquiry with the USCIS as to the status of MR. PARK's case due to the lack of response to the pending "Waiver Application". This inquiry was assigned to the USCIS Nebraska Service Center with a referral ID of SR11542107345NSC. Exh. L

30.     On September 15, 2021, the USCIS responded to the inquiry identified in paragraph 29, advising the case was under review and requesting an additional 60 days to process the waiver. Exh. L.

31.     MS. LEE also contacted her Congressional Representative, the Office of Jimmy Panetta, which office also initiated an inquiry into the delay in processing MR. PARK's "Waiver Application." Exh. M.

32.     As of January 25, 2022, no action had been taken by USCIS on MR. PARK's pending "Waiver Application."

33.     On January 25, 2022, MR. PARK's attorney, Mr. Michael S. Cho, Esq., contacted the USCIS Ombudsman's Office for Case Assistance regarding the delay in processing MR. PARK's pending "Waiver Application." Exh. P.

///

34.    On June 7, 2022, the USCIS Ombudsman's Office contacted Mr. Cho and indicated that MS. LEE's request for case assistance had been granted. Exh. Q.

35.    On June 22, 2022, the USCIS Ombudsman's Office contacted Mr. Cho and advised that a case inquiry had been made, and that "a Notice of Action will be mailed" in connection with the pending "Waiver Application." Exh. R.

36.    To date no Notice of Action has been received. MR. PARK's Waiver Application has been pending since November, 2020, a total of 19 months, also well outside the normal processing time.

37.    Plaintiff MS. LEE remains unable to enjoy the consort of her husband in the United States due to the unreasonable delay in deciding MR. PARK's "Waiver Application."

38.    MS. LEE is a United States Veteran, and the United States Veteran's Administration has determined that MS. LEE suffers from a 90% disability attributable to injuries she suffered while serving in the United States Military. Exhs. N and O.

39.    MS. LEE cares for her ninety-three (93) year old father. Exh. B.

40.    In early 2021 MS. LEE suffered a serious shoulder injury, which severely compromised her ability to care for herself or her elderly and infirm father, providing further support of the hardships she would suffer if the "Waiver Application" were denied. Ibid.

41.    The "Waiver Application" filed on November 30, 2020, presented evidence and legal argument attempting to demonstrate that the criminal Korean statutes MR. PARK was convicted of violating (based on a proper interpretation and application of the statute) did not meet the standard of a Crime of Moral Turpitude, and thus could not be designated a violent or dangerous offense. (see n. 1 supra).

///

42.     MS. LEE, who lives in the United States, is unable to properly care for herself, or for her ninety-three (93) year old father who lives with her due to his advanced age. Exh. F.

43.     MS. LEE is in desperate need of all the physical and emotional support MR. PARK has provided in the marriage, both to care for herself, but especially to assist in the care of her father, which she is becoming too frail to do. Exh. B.

## III.    CLAIMS FOR RELIEF

### COUNT ONE – MANDAMUS ACTION, 28 U.S.C. § 1361

44.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 43 above.

45.     Plaintiffs have a claim for mandamus relief under 28 U.S.C. § 1361 which provides the authority to compel Defendants to perform a duty owed to the Plaintiffs. Defendants have willfully and unreasonably failed to adjudicate Plaintiffs' pending "Waiver Application."  The Defendants owe a duty to adjudicate the application under the INA and federal regulations.  See 8 U.S.C. § 1154(b), 22 CFR 42.81 (when a visa application has been properly completed and executed before a consular officer, the consular officer must either issue or refuse the visa).  The Ninth Circuit has found that it has authority to grant mandamus relief to compel a consular officer to act on a visa application. Patel v. Reno, 134 F.3d 929, 932-33 (9th Cir.1997) ("[W]hen the suit challenges the authority of the consul to take or fail to take an action as opposed to a decision taken within the consul's discretion, jurisdiction exists.").

46.     Defendants have a nondiscretionary duty to adjudicate Plaintiffs' application an I-601 Waiver for Grounds of Inadmissibly, filed with the USCIS on November 30, 2020, more than nineteen months ago.

///

47.     Defendants' continual delay and refusal to adjudicate the instant application is unreasonable in light of the significant medical, emotional, and financial harm that this action has caused Plaintiff LEE.  See supra at ¶¶ 37-43.

**COUNT TWO – ADMINISTRATIVE PROCEDURES ACT, 5 U.S.C. §§ 701 ET SEQ.**

48.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 47 above.

49.     The APA requires that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). Section 555(b) creates a non-discretionary duty to conclude agency matters.  Litton Microwave Cooking Prods. v. NLRB, 949 F.2d 249, 253 (8th Cir. 1991). A violation of this duty is a sufficient basis for mandamus relief.

50.     The APA permits this Honorable Court to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

51.     Plaintiffs have an approved I-130 Petition. However, Plaintiff PARK'S immigrant visa was denied because he was inadmissible due to a prior crime of moral turpitude. Plaintiff Park has filed an extensive "Waiver Application" with supporting exhibits, detailing the extreme hardship his wife, MS. LEE would experience if the "Waiver Application" were denied. He has also paid all required fees.

52.     As of June 3, 2021, the "Waiver Application" was outside normal processing time, at which time the normal processing time for I-601 Waiver Applications was approximately 6-7 months.

53.     As of June 28, 2022, the USCIS case processing time website reported that the normal processing time for an I-601 Waiver Application, processed at the

///

54.     Nebraska Service Center, was eleven (11) months. Nineteen months have passed since the "Waiver Application" was filed.

55.     As detailed herein, MR. PARK has exhausted all remedies in an attempt to obtain a decision from the USCIS on the Waiver Application.

56.     Plaintiffs allege that the delay in deciding MR. PARK's Waiver Application is beyond any reasonable time period given the USCIS's consideration of the Waiver Application has repeatedly fallen outside normal processing time.

57.     By failing to decide Plaintiff PARK's "Waiver Application," the Defendants are in violation of the Administrative Procedures Act (APA).  The Defendants are unlawfully withholding and unreasonably delaying action on Plaintiff's application and has failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiffs' case.  Defendants' actions are arbitrary and capricious, and not in accordance with law.

58.     There are no alternative adequate or reasonable forms of relief available to Plaintiffs.

59.     Plaintiffs have exhausted all administrative remedies available to them in pursuit of a resolution of this matter, including submitting a service request through the USCIS, requesting her congressional representative to contact USCIS, which he did, and seeking the assistance of the Ombudsman, which she also did.

**COUNT THREE – VIOLATION OF RIGHT TO DUE PROCESS OF LAW**

60.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 59 above.

61.     The right to fundamental fairness in administrative adjudication is protected by the Due Process Clause of the Fifth Amendment to the United States Constitution. Plaintiffs may seek redress in this Court for Defendants' combined

failures to provide a reasonable and just framework of adjudication in accordance with applicable law.

62.     The combined delay and failure to act by Defendants has violated the due process rights of Plaintiffs.

63.     The combined delay and failure to act by Defendants has irrevocably harmed Plaintiffs by causing a loss of consortium between them, among other ways.

COUNT FOUR – EQUAL ACCESS TO JUSTICE ACT

64.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 63 above.

65.     If they prevail, Plaintiffs will seek attorney's fees and costs under the Equal Access to Justice Act (EAJA), as amended, 5 U.S.C. § 504 and 28 U.S.C. § 2412.

**<u>REQUEST FOR RELIEF</u>**

**WHEREFORE**, Plaintiffs request the Court to grant the following relief:

(1) Accept and maintain continuing jurisdiction of this action.

(2) Order Defendants to adjudicate Plaintiffs pending "Waiver Application" within 30 days of the Court's order.

(3) Award Plaintiffs the costs of this action, including fair and reasonable attorney's fees as provided in the Equal Access to Justice Act.

(4) Provide such relief as the Court may deem proper and appropriate.

Dated:  July 15, 2022

Respectfully submitted,

*<u>/s/ Michael Cho.</u>*
Michael Cho, Esq.
Attorney for Plaintiffs
